UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JUL 19 2007

JAMES N. HATTEN, Clerk
BY: Deputy Clerk

CLARA C. MARSH, TOMMY RAY BRENT MARSH and CLARA C. MARSH AS ADMINISTRATRIX OF THE ESTATE of TOMMY RAY MARSH

vs.

4:07 CV-143-HL

PLAINTIFF CLASS MEMBERS: CAROL A. BECHTEL, PAULA YOCKEL, NAOMI WEBB, THOMAS G. CONYERS, AARON ADAMS, GLENN ADAMS, ISAAC ADAMS, MARY SUE BARKLEY, JIMMY ABLES, CATHERINE L. ADAMS, RENA E. ALLEN, LINDA J. AMIDON, PATTI ANGELLE, DEBORAH ARMSTRONG, BETSY AVERY, ANN BAILY, JACK H. BATCHELOR, ANNA BATES, LORETTA BATES, DORRIS A. BEACH, PHYLLIS BEATTY, KEN BELL, LAMAR BELL, PAULINE BELL, JAYNE BENNETT, SARA BENNETT, BARBARA BERRY, ELIZABETH BIGGS, CATHERINE BISHOP, TOMMY BISHOP, BETTY S. BIVENS, DONNIE MAE BLACKBURN, COLLEEN BLANKENSHIP, CHARLES BOATWRIGHT, PH.D., LYNN BOATWRIGHT PH.D., DONNA BOES, DORIS E. BOES, RICK BOHR, MARTHA BOLLING, JUDY BONINE, MARIE BOWENS, PATRICK S. BRADY, STEVEN M. BRADY, JERRY BRANHAM, BARBARA BRANNOCK, BARBARA BRANUM, QUINCY BRANUM, RACHEL WILLIAMS BRASWELL, ELAINE BRAY, B. PEYTON BRIEN, JOHN SYDNEY BRIEN, TINA BROADRICK, JOHN BROCK, JAMES F. BROOKS JR., JOHN L. BROOKS, SHANE R. BROOKS, TERESITA BROOKS, DEBRA BROWN, KIRSTEN BROWN, TANDY BROWN, JOANN BURCHAM, GLEN BURKS, BEVERLY BURNS, DONNA BURNS, LINDA BURNS, BARBARA L. BUTLER, ROBERT J. BUTLER, THOMAS CALDERONE, BOBBI CANN, LISA MARIE CASH, RUSSELL E. CASH, ANN CATER, KONI CHAMPAGNE, AMANDA CLARK, CLYDE CLARK, DONNIE CLARK, TAMMY COCHRAN, KACIE COFFELT, LISA KAY COKER ELLEN COLE, FAYE COLE, CATHY COLLINS, DAVID COLLINS, CONNIE COMBS, PEGGY EUGENIA COOK, RHAENA COUGHLIN, RUSSELL CRACKEL, BENJAMIN CRAIG, KIM CRAIG, DANIEL CRANE, MELVIN CRANE, OPAL CRAZE, ALTON CREVASSE, CHRISTOPHER W. CRUSEY, RICHARD TODD CRUSEY, LISA CUNNINGHAM, TESS CUNNINGHAM, RAYMOND DACE, PATTY DAVENPORT BETTY DAVIS PAM DAVIS REIKO DAVIS LINDA DEMARS, ELIZABETH DEMPSEY, MOLLIE C. DENTON, GORDON DICKSON, JAMES WALLACE DICKSON, PHILLIP WAYNE DILLS, PATRICIA DONOHOO, VICTORY DOWDING, CAROL SUE DRAPER, LINDA DUFF, JOSEPH C. DUNCAN, EVELYN DUNN, RHONDA DUNN, KELBY DYER, KELLIE DYER, MELISSA DYER, GRETCHEN EDMISTON, NANCY GATES EGGERS, PEGGY ELLIOTT, DEWAYNE ELSASS, MARLENE ELSASS, TODD ELSASS, GAYLE ESSARY, SHAWN EVERSON, ANGELA EWING, DEBBIE FAIRBANKS, ELIZABETH FAIRBANKS, JOHN WILLIAM FAIRBANKS, JR., MELODY FALCON, MARY FASON, DONNA FLEMISTER, OMELIA FLEMISTER, ROBERT FLEMISTER, RUTH FLEMISTER, KIMBERLY FLOURNOY FOGLE, ALICE FORD, HENRY FORD, JOHN FORD, APRIL FOSTER, ESSIE FREEMAN, GLORIA FREEMAN, MOSES FREEMAN, ROBERT FREEMAN, LINDA FRENCH,

ORBIN K. FRENCH, LINDA FULLER, PAUL W. GATES, JR., VIOLA GATES, BARBARA GATLIN, LAWRENCE GAY, DAVID GIBBS, MARJORIE GOINS, CHRISTINA ELIZABETH GOMEZ, CHRISTOPHER GOMEZ, EDWARD GOMEZ, GLADYS GOMEZ, LINCLON C. GOSNELL, HENRY MORGAN GREEN, JAMES GREER, DOROTHY RANDOLPH GREGORY, GINGER GUESS, JEAN GUEWA, ANDREAH SHANNON GUPTILL, ROBERT HAILTON, SUSAN HALL, TAMMY HALL, PEGGY HAMBLIN, LINDA HAMILTON, EMELINE W. HANEY, DONNIE HARDEN, DOYLE HARDEN, RICKY HARDEN, RITA HARDEN, ARLIE BO HARDIN, EDWIN HARGIS, JUDY HARMON, VALLEE HARRIS, EDWARD HARVEY, MICHAEL HARVEY, SUSAN HATFIELD, SHIELA HAWKINS, LURENE HAWKIS, BEVERLY HAYES, LORRAINE HAYNES, PATRICIA HAYNES, RICH HEINSMAN, EVELYN HENDERSON, MARY HENRY, JENNIFER HENSON, GAIL HERZICH, BOBBY HIGDON, RICHARD HIGDON, DALE HILL, DONALD HILL, ERNEST HILL, ERNEST HILL, JR., MARY HILL, BELINDA HIXSON, OLIVIA HOFFMAN, DEANNIA HOLT, ZUKI HORNYAK, PIERCE ELIJAH HORTON, DAVID L. HUDSON, JAMES A. HUDSON, HAROLD HUFF, RONALD HUFF, CHARLES HUGENBERGER, RAYMOND HUGENBERGER, CHARLES HUGHES, LEE HUGHES, PHILLIP HULETT, ROBERT HULLETT, SR., RHONDA ISAAC, GLORIA JEFFERS, RANDALL JENSEN, JUDITH ANN JONES, ROMONA LYNN JONES, PATRICIA J. KECSKES, ROBERT KEITH, KATHI KELLY, KATHLEEN KENNEDY, SUSAN KILE, BEVERLY KILGORE, CATHY KILLEN, JULIE KINDER, DAVID KINDIG, MICHAEL KINDIG, RANDY KINDIG, KEN KING, RICK KNOEDLER, CHRIS KNOEDLER, JANE RED KNOX, RICHARD LAZARUS, LUKE LEA, DUSTY ROSE LEDFORD, HARLEN LEDFORD, KRYSTIL DAWN LEDFORD, LISA LEDFORD, CHAD LITTLE, FRANCES LONG, SHERRY LOWE, BRENDA T. MANGHANE, CHRISTINE MANHART, BRANDON MANIS, MICHAEL MANIS, PEGGY MANIS, RONALD DALE MANIS, RONALD KEVIN MANIS, WANDA MARLER, MARY LEWIS MASON, WILLIAM R. MASON, JR., WALTER G. MASSEY, HELEN MATHIS, LORRAINE MAYNARD, BARBRA MCMAHAN, CATHIE MCMAHAN, CLAUDE MCMAHAN, COLLEEN MCMAHAN, DANIEL MCMAHAN, DAVID MCMAHAN, JOHNNIE MCMAHAN, MARK MCMAHAN, SAM MCMAHAN, ALFRED LESTER MCNEELY, CHARLES MCNEELY, DORI MCNELLI, WALLACE MILLER, CHARLES MILLSAPS, CLAUDE MILLSAPS, DORIS J. MITCHELL, ROY MITCHELL, WILLIE FAYE MITCHELL, ALFREDO MIYAGI, EMIKO MIAYAGI, BILL MONTGOMERY, DONNY MONTGOMERY, JIMMY MONTGOMERY, VALERIE MORELAND, ANDREW MORGAN, CARRIE MORGAN, JOE MORGAN, LAURA MORGAN, LINDA A. MORIN, BILLIE MULLIS, MARILYN KLEINFELDT MURPHY, HARRY C. NAICO, CAMILLA NANCE, MARY NEISWENDER, HELEN CORINE NEWBERN, BARBARA B. NOVENSON, JOE C. ODEN, JR., HEATHER OECKERT, KEITH W. OLDAKER, HAROLD OWENS, PATRICIAL OWNBY, FRANCES PAINTER, SHERRY PARRIS, ERIC PATE, LAVONDA PATE, MARK PATE, TERRY PATTERSON, LEVI PATTON, ANNE PERRY, KEVIN PERRY, ANNE ELIZABETH PETTWAY, PATEN PETTWAY, TOWNSHEND PETTWAY, JAMES MITCHELL PETTY, JR., BILLY PHILLIPS, CHARLES PHILIPS, DEANNA PHILLIPS, JESSICA PHILLISS, BENJAMIN PITTMAN, PHYLLIS PITTMAN, DEBBIE ANN PORTER, SHIRLEY POWELL, MARY ELIZABETH PRATT, KIM PRESTON, EDITH PRINCE, PAMELA BRADY-PROESCH, CAROL J. PUCKETT, RONALD PURYEAR,

PRESTON JAY RANKIN, DEBBIE RAY, ROBERT W. RED, SARA LEE RED, DIANA REECE, KAYE REECE, LUE OWENS REID, RICHARD A. REID, JR., RICHARD REID, STEVE BRAY REID, JAMES T. RICHESON, NORMA RITCHIE, ANGELA ROBBINS, EARL LYNN ROBINSON, TIM ROBINSON, VIVICA ROE, MARY ROSEMAN, JANIS ROWE, MARIAN RUSSELL, ARNOLD RUSSELL, KENNETH R. RUTHERFORD, JR, MARY JOE RYAN, KIMBERLY MICHELLE SALDANA, MARUEEN SARGENT, MATTHEW ALLEN SARGENT, SARA FISCHER SARGENT, GORDON SAYERS, ASHER SAYLOR, LINDA SAYLOR, PAT SAYNES, MARY ANN SCHENK, MARY SCHEULTS, BILLY SEAGRAVES, CARL SEAGRAVES, DANNY SEAGRAVES, KATHY SEAGRAVES, MARY SEBELIUS, ROBERT ANTHONY SEBELIUS, KIM E. SHELTON, ROMONA JEAN SHELTON, ANGELA SHIRLEY, BARBARA SHIVELLE, NEIL SHIVELLE, DON SHULL, LARRY SHULL, PAUL D. SHULL, SCOTT SHULL, DIANE SILVEY, AMIE BRIEN-SLACK, AUTUMN LEA SMITH, DEBORAH SMITH, JEFF SMITH, JENNY SMITH, KIMBERLY ELSASS SMITH, MYRNA SMITH, NANCY SMITH, STANTON SMITH, JR., STEVEN SMITH, JACQUELINE SORREL, KATHLEEN SOWDER, MARTHA SPRINKLE, DON STATON, MICHELLE STATON, TOM STATON, VELMA STATON, SHARON STEELE, DEBBIE STEPHENS, KERRY SUTTON, BOYD SWAFFORD, MADELINE SWANSON, PHYLLIS SWINK, KAREN TATE, JUDY TEAGUE, MARILYN TEAGUE, SAMUEL D. TEAGUE JR., BARBARA TESAR, RUBY THOMAS, ANN THORWART, DONALD THUESEN, JERROLD THUESEN, PHILLIP THUESEN, WILLIAM THUESEN, PAUL TODARO, VIRGINIA ANN TODARO, BARRY TOLF, ROBERT TOLF, SHIRLEY TOLF , THOMAS TOLF, GABRIEL TONEY, RHONDA TUCKER, KATHRYN JEAN TYRONE, TOM UHLS, ELAINE WALDRON, ROBERT WALKER, AMY MAE WARD, DAWN M. WATERS, JOSEPH WEBER, TERRY WEBER, THOMAS WEBER, JOYE WESSELLS, ELLEN BRADY WEST, NORMAN WEST, DOROTHY WHALEY, KAREN WHALEY, TERESA WHALEY, JAMES WHEELER, MELISSA WHITFIELD, BLAIN WHITT, JEWELL WILLETT, WILLIAM WILLETT, BARBARA WILLIAMS, HEATHER WILLIAMS, RANDY WILLIAMS, JAMES MAC WILSON, JOSEPH W. WILSON, ROLAND LEBRON WILSON, TERRI WILSON, LIBBY WORKMAN, ANN RED WRIGHT, CATHLEEN GATES YERT, SHANON COLEMAN, BETTY HILL, GERALDINE PLETCHER, ROBERT E. PLETCHER, KARLAN JANE KNIGHT TATE, and ALL OTHER SIMILAR SITUATED PERSONS NOT LISTED AS PARTICIPANTS IN PLAINTIFF CLASS, and GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the plaintiffs, in the above styled action pursuant to rule 47 of the Federal Rules of Civil Procedure and files this complaint for declaratory judgment against the above named defendants. As grounds for their complaint for declaratory relief, the plaintiffs state:

1. The Plaintiffs are residents of the State of Georgia and were defendants for purposes of settlement in the class action, filed by the defendant class Bechtel in the United States District Court for the Northern District of Georgia and styled (IN RE: TRI-STATE CREMATORY LITIGATION MDL DOCKET NO. 1467). The plaintiffs (Marsh) reached a settlement with Bechtel in this court (Bechtel/Marsh Agreement). The Court, in the Order of October 21, 2004, specifically retained jurisdiction over the Bechtel/Marsh Agreement by stating "without effectuating the finality of this order and judgment, this court retains continuing and exclusive jurisdiction over the settlement agreement, the parties thereto, and the members of the certified class, for purposes of implementation, administration, interpretation, and enforcement of said settlement." Moreover, the Bechtel/Marsh agreement states in pertinent part that the parties "reserve the court's continuing exclusive jurisdiction over the parties to this agreement, including the Marsh defendants and all class members, to administer, supervise, construe and enforce this agreement in accordance with its terms for the mutual benefits of the parties and the class." This complaint is filed for the purposes as outlined in this Court's order of October 21, 2004 in that Marsh requests this court to exercise jurisdiction over the agreement resolving the allegations contained herein.

2. The defendant (Bechtel) brought a cause of action as a class action complaint in this honorable court. A copy of the class-action complaint is attached as Exhibit 1. Ultimately, Bechtel settled (Bechtel/Marsh Agreement) with Marsh and a copy of the settlement agreement is attached as Exhibit 2. This court retains jurisdiction over issues arising from the settlement between Marsh and Bechtel as is evidenced by this Court's order attached as Exhibit 3. Bechtel may be served with process through its counsel Robert M. Smalley McCamy Phillips Tuggle & Fordham, P.O. Box 1105, 411 West Crawford Street, Dalton, GA 30720.

3. The defendant Georgia Farm Bureau reached a settlement with Marsh arising out of the class-action complaint filed by Bechtel. This court, in its order of October 21, 2004 stated as to the settlement agreement between Georgia Farm Bureau and Marsh dated June 25, 2004, "nothing, in this order, however, is intended to obligate the Marsh

defendants to violate the terms of the agreement to compromise doubtful claim entered by them with Georgia Farm Bureau on June 25, 2004." Marsh asserts that Georgia Farm Bureau is a necessary party because the allegations regarding the settlement agreement in this Court's order will require this Court to deal with factual issues arising from the June 25, 2004 agreement between Georgia Farm Bureau and Marsh. Georgia Farm Bureau may be served with process through its counsel Benjamin A Land, Buchanan & Land, 1425 Wynnton Road, PO Box 2848 Columbus, Georgia 31902.

A copy of the Georgia Farm Bureau settlement (GFB/Marsh Agreement) with the Marsh is attached as Exhibit 4. Because of that settlement, the defendant Georgia Farm Bureau dismissed a claim pending in Walker County Georgia regarding issues of insurance coverage and a copy of the pleadings regarding that dismissal are attached as Exhibit 5. Ultimately, and after Bechtel settled with Marsh, Bechtel undertook actions to sue Georgia Farm Bureau regarding insurance coverage issues in Walker County. A copy of those pleadings is attached as exhibit number 6. Bechtel could not sue Marsh in the litigation as evidenced in Exhibit 6 because Bechtel agreed as part and parcel of the Bechtel/Marsh Agreement that Marsh could not be sued by Bechtel. A release was executed by class counsel on behalf of Bechtel, and is a part of the settlement approved in this Court.

In the Bechtel/Marsh agreement the parties agreed that there would be no other actions filed against Marsh. The agreement states "on the date of entry of final order and judgment, the Marsh defendants shall be dismissed from this action by class counsel with prejudice and from all other actions maintained or filed by the plaintiff steering committee firms or attorneys. There shall be no other actions filed against the Marsh defendants, and this agreement acts as a release of all claims that may be, or have been asserted by the class members against the Marsh defendants." Furthermore, this court's order of October 21, 2004 also deals with this issue. This court states "in consideration of ongoing performance and satisfaction the terms and conditions of this judgment and the settlement it enforces, T. Ray Brent Marsh and Clara Chestnut Marsh, both individually and in her representative capacity as Administratrix of the Estate of Tommy Ray Marsh, are each hereby dismissed from these proceedings with prejudice, and shall be, and hereby are, released from the claims of the certified class as set forth in the

settlement agreement." Because this Court retains jurisdiction over the Bechtel/Marsh Agreement, venue and jurisdiction are appropriate in this Court.

4. During settlement negotiations involved in the Bechtel/Marsh Agreement, the issue of the GFB/Marsh Agreement came up between the parties. Marsh asserts that under the Bechtel/Marsh Agreement that Bechtel agreed that it would not attack or question the GFB/Marsh Agreement and that the Bechtel/Marsh Agreement prohibits any attach either directly or indirectly. Additionally, Marsh that by e-mail dated August 26, 2004, that if Marsh settled with Bechtel in the United States District Court for the Northern District of Georgia Bechtel would not take any action to undermine or question the GFB/Marsh Agreement.

Marsh asserts that under the Bechtel/Marsh Agreement Marsh could defend the GFB/Marsh Agreement, and that Bechtel would not attack the policyholder's release or any trust that Marsh received from GFB/Marsh Agreement. Consequently, under the Bechtel/Marsh Agreement Marsh can defend the GFB/Marsh Agreement, under the Bechtel/Marsh Agreement Marsh cannot be sued in any manner by Bechtel, and Marsh cannot be a part of any lawsuit or cause of action brought by Bechtel regarding insurance coverage. See e-mail exchange between council attached as exhibit number 7.

5. Bechtel agreed that there could be no lawsuit brought against Marsh. It was the understanding of all parties that a full and final release of Marsh by Bechtel was a part of the Bechtel/Marsh Agreement. In fact, Bechtel during the negotiations of the Bechtel/Marsh Agreement conceded that Bechtel could not sue anyone named Marsh or assist anyone else in suing a Marsh. See exhibit number 7. Both the order of this court approving the settlement, and the settlement agreement between the parties makes it clear that the defendant Bechtel may not undertake any legal action against Marsh. In fact, under a reasonable interpretation of both the order and the agreement between the parties it is clear the Bechtel/Marsh Agreement prevents Bechtel from taking any action that would affect the legal rights of Marsh, or that would affect their legal rights under the GFB/Marsh Agreement. The actions of Bechtel in Walker County Georgia in filing various pleadings in Walker County directly impact the rights of the Marshes in violation of the Bechtel/Marsh Agreement.

6. The litigation between Bechtel and Georgia Farm Bureau is currently pending in Walker County Georgia. The parties have pending Motions for Summary Judgment. Copies of the Motions and Briefs are attached as exhibit number 8.

7. During the pendency of the proceedings, Bechtel answered the discovery of Georgia Farm Bureau making reference to the GFB/Marsh Agreement. In responding to discovery, said response being attached as exhibit number 9, Bechtel stated in response to interrogatory number 24 regarding the GFB/Marsh agreement "while such determination is for the court, if such inquiry is made, it is believed the agreement would be voided as fraudulent, collusive, and contrary to public policy." Thereafter, a series of letters were written between counsel regarding this discovery response and those letters are attached as exhibit number 7. At one point during the communication, Neil Pope, lead counsel for Bechtel in the Walker County claim, was contacted and was told that Marsh could believe his statement to the court of Walker County Georgia that "we [Bechtel] are not attacking Georgia Farm Bureau's agreement with the Marshes."

8. As evidenced by Exhibit 7 there were numerous communications regarding Bechtel's attack on the GFB/Marsh Agreement. The essence of the communications were that Marsh believed that Bechtel could not attack the GFB/Marsh Agreement because such an attack would constitute a breach of the Bechtel/Marsh agreement. This understanding is clearly evidenced by Exhibit 7.

9. Additionally, Marsh, as evidenced by Exhibit 7, has been put on notice by letter of October 3, 2005 from Benjamin Land that Georgia Farm Bureau believes that Bechtel is challenging the GFB/Marsh Agreement. Georgia Farm Bureau's position regarding the attack on the GFB/Marsh Agreement is that if Walker County court finds the agreement void then the Marshes will have breached their agreement with Georgia Farm Bureau. Consequently, Georgia Farm Bureau will be entitled to a return of the consideration under the GFB/Marsh Agreement. This result is exactly what Marsh believed would not happen because of the negotiations of the Bechtel/Marsh Agreement, and Marsh asserts that any actions by Bechtel in attacking GFB/Marsh Agreement

breaches the Bechtel/Marsh Agreement. The actions of Bechtel also violate this Court's order which enforces the terms of the Bechtel/Marsh Agreement.

10. It is undisputed that as a part of the Bechtel /Marsh Agreement that Bechtel released Marsh and agreed not to sue Marsh in any form in any other claim. Marsh settled with Bechtel relying on the representation that Marsh could not be sued in any other court for any other reason. A reasonable interpretation of the language of the Bechtel/Marsh Agreement and this Court's order adopting that agreement supports the contention that the defendant Bechtel has no right to litigate the rights of Marsh in any proceeding regardless of whether Marsh is named as a party or not.

Despite this agreement, Bechtel is undertaking to litigate the rights of Marsh in the Superior Court of Walker County Georgia. Although not naming Marsh in the claim, Bechtel has undertaken, as evidenced by Exhibit 8, a position that states that the GFB/Marsh Agreement is void, and cannot be held to be enforceable against Bechtel. As evidenced by Exhibit 8, Bechtel is attempting to litigate the rights of Marsh without Marsh being a proper party or properly before the Superior Court of Walker County Georgia. The positions taken in Exhibit 8 are a breach of the Bechtel/Marsh Agreement.

The settlement agreement between Bechtel and Marsh provide "on the day of entry of final order and judgment, the Marsh defendants shall be dismissed from this action by class counsel with prejudice and from all other actions maintained or filed by the plaintiff steering committee firm for attorneys. There shall be no other actions filed against the Marsh defendants, and this agreement acts as a release of all claims that may be, or have been asserted by the class members, against the Marsh defendants."

Bechtel is attempting to circumvent this agreement by litigating legal issues that directly affects the rights of Marsh because Bechtel knows under its settlement agreement it cannot directly sue Marsh. However, as is evidenced by exhibit 8, Bechtel is litigating the rights of Marsh, and Marsh asserts that the settlement agreement and the release language prevent Bechtel not only from suing Marsh but from litigating any rights that effect Marsh.

11. Bechtel is litigating the rights of Marsh by taking action that requires the Walker County Superior Court to make a legal and factual determination that directly affects the rights of Marsh. Although not specifically naming Marsh as a party to the claim the position taken by Bechtel undermines Marsh's rights as though a Marsh was a party to the claim, and a party to the litigation pending in the Walker County Superior Court (Walker County claim).

12. Bechtel is knowingly taking this position knowing that it cannot name Marsh as a party (Walker County Claim), and knowing that if Bechtel is successful in its arguments regarding the GFB/Marsh Agreement that Georgia Farm Bureau will take action against Marsh, asking Marsh to reimburse any consideration to Georgia Farm Bureau under the agreement should the Superior Court of Walker County find that the GFB/Marsh Agreement is fraudulent, unenforceable, or not applicable to Bechtel. Bechtel is doing what it promised not to do in the Bechtel/Marsh Agreement.

13. Bechtel is prevented by its agreement with Marsh from taking any position, or any action, or actions that would affect the rights of Marsh under the GFB/Marsh Agreement.

14. By litigating the rights of Marsh without Marsh being a party to the litigation, Bechtel is "indirectly" suing Marsh. Bechtel's promise not to sue Marsh as a part of Bechtel/Marsh Agreement is a promise not to litigate any issue that affects Marsh's rights, whether the issue is related to the GFB/Marsh Agreement or any other litigation brought by Bechtel. Bechtel cannot ask a court of law to set aside the GFB/Marsh Agreement without Marsh necessarily being sued. Bechtel, however, is purposefully litigating an issue that adversely affects Marsh which is in violation of the Bechtel/Marsh Agreement.

15. By undertaking this course of action is described in paragraph 12, Bechtel has undermined the rights of Marsh without Marsh being a proper party to the Walker County claim. Bechtel has constructively sued Marsh by taking the position it takes as evidenced by Exhibit 8. This court needs only to look to the letter of October 3, 2005 from

Benjamin Land. In that letter, Mr. Land states "I have received a copy of your August 26, 2005 correspondence to Neil Pope, as well as Mr. Pope's September 16, 2005 response. To be honest with you, I fail to grasp the premise behind Mr. Pope's position. On the one hand, Mr. Pope seems to be saying that he is not attacking the Georgia Farm Bureau/Marsh agreement and will abide by his client's settlement agreement with the Marshes (as well as Judge Murphy's final order); on the other hand, he is saying that the Georgia Farm Bureau Marsh agreement "cannot be imposed by Georgia Farm Bureau to cut off the rights of the class members." I do not know of any legal theory that would permit the plaintiffs to have it both ways; yet this is precisely what Mr. Pope now appears to be advocating."

16. As evidence of Bechtel's calculated plan to "constructively" sue the Marshes, by litigating an issue which directly impacts the Marsh rights, the October 3, 2005 letter from Mr. Land puts Marsh on notice that if Mr. Pope is arguing that the GFB/Marsh Agreement is void, unenforceable, or cannot be used to cut off the rights of the class members, and that if Pope is successful in this argument then Georgia Farm Bureau will assert that the GFB/Marsh Agreement is no longer valid, and will seek to void the agreement asking for a reimbursement of attorneys fees, and a return of the trust funds from Marsh. Bechtel is constructively suing Marsh, seeking a judgment that impacts Marsh, and is therefore in breach of the Bechtel/Marsh Agreement.

17. Marsh, consequently, sues this court to declare the rights of the parties and to specifically find that:

1. That this court retains and declares its jurisdiction over the Bechtel/Marsh Agreement and its right to enforce the agreement.

2. That Bechtel is in breach of its settlement agreement with Marsh

3. That Bechtel is responsible to Marsh for all attorneys' fees and expenses related to this litigation, and related to the enforcement of the Bechtel/Marsh Agreement.

4. That this court enforce the provisions of the settlement agreement reached between Bechtel and Marsh, by issuing an order barring Bechtel from making any allegation, assertion, or argument that the GFB/Marsh Agreement would be voided as fraudulent, collusive, and contrary to public policy or to assert, allege or argue that the GFB/Marsh Agreement is not in full force and effect as to any party.

5. Marsh prays this court to grant any other relief as this court deems just, reasonable and necessary.

GOINS CARPENTER & JAMES

STUART F. JAMES, GA Bar #389355

736 Cherry Street, Third Floor
Heritage Center
Chattanooga, TN 37402
(423) 756-3646

JENKINS & OLSON

FRANK E. JENKINS, III  GA Bar #390550

15 South Public Square
Cartersville, GA 30120
(770)387-1373